**IT IS ORDERED as set forth below:**



Date: February 3, 2022

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
|---|---|---|
| JON MICHAEL HAYES SHIBLEY, | : | BANKRUPTCY CASE |
|  | : | 18-68584-LRC |
| Debtor. | : |  |
| _____ | : |  |
|  | : |  |
| JON MICHAEL HAYES SHIBLEY, | : | ADVERSARY PROCEEDING |
|  | : | NO. 19-05229-LRC |
| Plaintiff/Debtor, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| NATIONAL BANK OF COMMERCE, | : |  |
| DBA, PRIVATE BANK OF BUCKHEAD, | : |  |
| DANIEL R. SMITH, PRIVATE PLUS | : |  |
| MORTGAGE, JONES AND WALDEN PC, | : |  |
| LESLIE PINEYRO, | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

# **ORDER**

Before the Court is the *Motion for Plaintiff's Right to Seek Leave to Amend*

1

*Complaint Pursuant to Court Order* (Doc. 73) (the "Motion"). The Motion seeks leave to amend a complaint (the "Complaint") filed by John Michael Hayes Shibley ("Plaintiff") against National Bank of Commerce ("NBC") d/b/a Private Bank of Buckhead, Daniel Smith ("Smith"), Jones & Walden PC ("JW"), Leslie Pineyro ("Pineyro"), and Private Plus Mortgage seeking a declaration regarding the validity of a deed to secure debt (the "DSD") on his residence, 770 and 780 Clubside Drive, Roswell, Georgia (the "Property"), and damages for fraud (the "Complaint") arising from attempts to enforce the DSD, including the filing of a motion for relief from the automatic stay in the related bankruptcy case (the "Motion for Relief"). *See* Bankruptcy Case No. 18-68584 (the "Bankruptcy Case"), Doc. 194, as supplemented by Doc. 200. ("B&S"). The proposed amended complaint (the "PAC") appears to attempt to restate a claim for damages under multiple legal theories against the existing defendants and a new defendant, attorney Leon Jones ("Jones").

Defendants Smith, South State Bank, N.A., as successor by merger to CenterState Bank, N.A., as successor by merger to NBC ("SSB"), Pineyro, JW, and Jones oppose the Motion, and Defendants SSB, Pineyro, JW, and Jones have additionally moved for the dismissal of the PAC. *See* Docs. 77, 78. 89. The Court has also considered Plaintiff's Response, in Opposition to Defendants' Motion to Dismiss Amended Complaint (Doc. 87). "Essentially, Plaintiff seeks leave to demand that the Court (and Defendants) sift through [his 236]-page complaint to determine which facts apply to which claims and which claims are alleged against which defendant. . . . The Court is not required to undertake this task. To do so would be to condone a shotgun pleading, which the Eleventh

2

Circuit has instructed District Courts not to do." *Mack v. Delta Air Lines, Inc.*, 2014 WL 12629940, at *11 (N.D. Ga. Jan. 16, 2014), report and recommendation adopted sub nom. *Mack v. Mack*, 2014 WL 12633521 (N.D. Ga. May 14, 2014). The PAC "is an impermissible shotgun pleading," and, even if it were not, it fails to state a claim for damages and, therefore, the Court will not grant leave to amend the Complaint.

### I. Rule 15

As Plaintiff's right to amend the Complaint as a matter of course has expired, *see* Fed. R. Civ. P. 15(a)(1), Plaintiff may amend the Complaint only with Defendants' consent or with leave of the Court, which, "Federal Rule of Civil Procedure 15(a) dictates . . . shall be freely given 'when justice so requires.'" *Foster v. DeLuca*, 545 F.3d 582, 583-84 (7th Cir. 2008). "When adding parties, motions for leave to amend under Rule 15 are simultaneously governed by Rule 20(a)." *Stenzel v. Equifax Info. Servs., LLC*, 2020 WL 60156, at *2 (M.D. Fla. Jan. 6, 2020). "A plaintiff may join unrelated claims and various defendants in one action if the claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences,' and 'any question of law or fact common to all defendants will arise in the action.'" *Id.* (citing Fed. R. Civ. P. 20(a)(2)).

"A motion for leave to amend may be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *Id.* at *1 (citing *In re Engle Cases*, 767 F.3d 1082 (11th Cir. 2014)); *see also Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992). However, the Court properly denies a motion for leave to file an

3

amended complaint "where the new claims asserted would be subject to dismissal as a matter of law." *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999)); *see also Halliburton & Assocs., Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir. 1985) ("If a complaint as amended is still subject to dismissal, leave to amend need not be given."); *No Straw, LLC v. Stout St. Funding, LLC*, 2013 WL 2951064, at *7 (N.D. Ga. June 14, 2013) ("Since 'justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.'" (quoting *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008)); *Deverze v. McCalla Raymer, LLC*, 2017 WL 9963558, at *12 (N.D. Ga. Apr. 24, 2017), report and recommendation adopted, 2017 WL 9963556 (N.D. Ga. Sept. 5, 2017) ("The denial of leave to amend is justified 'when the [amended] complaint is still subject to dismissal,'. . . and 'leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.'"). "Courts also deny leave to amend when granting the motion would cause significant added expense and burden on the non-moving party." *Bailey v. City of Douglasville,* 2014 WL 12634308, at *4 (N.D. Ga. Feb. 14, 2014), report and recommendation adopted, No. 1:13-CV-0941-RWS, 2014 WL 12634932 (N.D. Ga. Mar. 6, 2014).

In considering the Motion, the Court recognizes that "'[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed.'" *Cornelius v. Bank of Am., NA,* 585 F. App'x 996, 999 (11th Cir. 2014)

4

(quoting *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)). "Liberal construction, however, does not mean that a *pro se* plaintiff can file an impermissible shotgun pleading." *Stenzel v. Equifax Info. Servs., LLC*, 2020 WL 60156, at *1 (M.D. Fla. Jan. 6, 2020). The Eleventh Circuit Court of Appeals has defined a "shotgun pleading" as one that fails, "to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Examples given include complaints that contain "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; complaints that do not separate "into a different count each cause of action or claim for relief;" and complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1321-23. In short, such complaints "require the court to sift through the allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a 'massive waste of judicial and private resources.'" *Jones v. Washington Mut. Bank*, 2011 WL 5041163, at *2 (N.D. Ga. Oct. 21, 2011).

While the PAC may not specifically align with any one of the four identified forms of "shotgun" pleadings, it is "intolerably confusing." *Schaeffer v. Bevil*, 2021 WL 5826394, at *2 (M.D. Fla. Dec. 8, 2021). For example, the PAC contains numerous

5

"judicial notes," whose purpose is unexplained. It provides a "Legal Note" that states, impossibly, that "Shibley's ch 7 is in violation of the contract between Plaintiff and Shibley." At the same time, it contains too much and too little. The "Facts" sections of the PAC are "rife with legal conclusions," *Khader v. Nationstar Mortg., LLC,* 2012 WL 12871809, at *6 (N.D. Ga. Dec. 28, 2012), report and recommendation adopted, 2013 WL 12109461 (N.D. Ga. Jan. 18, 2013). "The counts are . . .duplicative and overlapping." *Allen-Armbrister v. Colonial Pipeline Co.*, 2018 WL 11260469, at *3 (N.D. Ga. June 15, 2018). It includes citations to and quotations from case law and treatises, repetitive, lengthy sections of "legal argument," and explanations of what evidence Plaintiff will rely upon to prove his allegations. Additionally, multiple "cut and paste errors" have resulted in the inclusion of extraneous, misplaced text and the repetition of huge swaths of the document. Neither the pages nor the paragraphs are numbered, thus failing to provide any means by which the Defendants or the Court could identify or refer to specific allegations, and the exhibits attached are not consistently numbered. In short, "Defendants cannot be expected to frame a responsive pleading." *Hayes v. Bank of New York Mellon,* 2014 WL 3887922, at *8 (N.D. Ga. Aug. 6, 2014), *aff'd*, 592 F. App'x 891 (11th Cir. 2015). Contrary to Plaintiff's position, the PAC has more issues than just "bad formatting." Justice does not require the Court to spend the exorbitant amount of time that would be required to decipher the PAC, and the Court cannot in good conscience require Defendants to do so.

Nonetheless, the Court has made a good faith attempt to review the PAC in light of the Court's prior order dismissing the damages claims without prejudice (the "Prior

Order", Doc. 63), to determine whether, if revised to succinctly and clearly allege the facts as to each of the defendants, the PAC would survive a motion to dismiss for failure to state a claim.[1] As discussed in detail below, the damages claim in the PAC would not survive a motion to dismiss because it fails under any legal theory offered by Plaintiff. Further, the Court has serious concerns as to whether the Court would have subject matter jurisdiction over any of Plaintiff's claims against SSB, Pineyro, or Jones if the Complaint were amended at this stage. This Court has original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11. *See* 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a). None of the claims that Plaintiff may be attempting to plead in the PAC arise under title 11 or arise in a bankruptcy case. A proceeding is "related to" a case under title 11 if it could conceivably have some impact on the bankruptcy case or the bankruptcy estate. *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). "Subject matter jurisdiction is determined at the time of filing of the Amended Complaint." *In re Murray Energy Holdings Co.*, 2021 WL 5174278, at *2 (Bankr. S.D. Ohio Nov. 8, 2021). Since the entry of the Prior Order, the Chapter 7 Trustee has abandoned the Property and has filed a report indicating that there are no assets to be administered for the benefit of creditors. *See* Bankruptcy Case No. 18-68584. Accordingly, the Chapter 7 Trustee will not administer the Property or resolve

---

[1] As noted, the PAC contains no page or consistent paragraph numbering. The Court will refer to the page numbering created by the filing of the PAC in the Court's Case Management/Electronic Case Filing system. Note that the PAC itself is essentially an exhibit to the Motion and comprises pages 4 through 239. Pages 240 through 418 appear to be exhibits. For ease of reference, the Court refers to the pages as numbered in CM/ECF, 1 through 418.

any issues regarding the amount of the debt owed to SSB.  It appears that any claim for damages against the defendants[2] or a determination of the validity of a lien on property that is not property of the estate would have no impact on the bankruptcy case or the bankruptcy estate and any amended complaint would likely fail to survive a motion to dismiss for lack of subject matter jurisdiction. *See In re Kennedy*, 2021 WL 1396565, at \*2 (Bankr. N.D. Ga. Apr. 13, 2021) (noting that a lack of subject matter jurisdiction cannot be waived by the parties and "Federal Rule of Civil Procedure 12(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), requires this Court to dismiss this proceeding if it finds it lacks subject matter jurisdiction over the dispute.").

For all of these reasons, the Court finds that justice does not require the Court allow the amendment.  The Court will deny the Motion, and the Complaint shall stand with only Plaintiff's request for a determination regarding the validity of the DSD and only against SSB, as the current owner of the DSD.

The Court summarized the facts alleged in the Complaint in the Prior Order, and Plaintiff appears to have adopted the Court's summary in the PAC. The Court will not restate those facts here, but refers the reader to the Prior Order, and will highlight only the relevant additional facts within the PAC.

> A. *Fraud, Fraud in the Inducement, Concealment, and Conspiracy to Commit Fraud*

In the Prior Order, the Court found that the Complaint failed to state a claim for fraud under Georgia law. *See In re McDaniel*, 523 B.R. 895, 911–12 (Bankr. M.D. Ga.

---

[2] The exception would be that the Court would have subject matter jurisdiction over Plaintiff's claims for damages against Smith because the issue of the nondischargeability of the debt owed by Plaintiff to Smith remains pending in a related adversary proceeding and Plaintiff has asserted a setoff defense in that case.

8

2014) (citing *Meyer v. Waite*, 270 Ga.App. 255, 257, 606 S.E.2d 16 (2004)) ("To establish a fraud claim, the Plaintiff must prove five elements: (1) a false representation or omission of material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages."); *see also Condrey v. SunTrust Bank of Georgia*, 2003 WL 24188059, at *8 (W.D. La. Mar. 26, 2003), *aff'd*, 429 F.3d 556 (5th Cir. 2005) ("In the absence of a duty to disclose, there can be no liability for a failure to disclose, and thus no recovery for fraud.").

The Complaint did not allege that Plaintiff justifiably relied on any misrepresentation made by SSB, that SSB intended to induce Plaintiff to rely on any misrepresentation, or that the damages he has suffered resulted from such reliance. *See Borges v. Bank of Am., NA*, 2012 WL 4328374, at *14 (N.D. Ga. May 1, 2012), *report and recommendation adopted Borges v. Bank of Am., N.A.*, 2012 WL 4328340 (N.D. Ga. Sept. 19, 2012); *Barge v. Wilmington Sav. Fund Soc'y, FSB as trustee for Upland Mortg. Loan Tr. A*, 2019 WL 3490461, at *5 (N.D. Ga. May 13, 2019), *report and recommendation adopted*, 2019 WL 3503743 (N.D. Ga. May 31, 2019); *Howes v. Wells Fargo Bank, N.A.*, 2015 WL 5836924, at *32 (D. Md. Sept. 30, 2015), *aff'd in part, remanded in part*, 676 F. App'x 207 (4th Cir. 2017) (affirming dismissal of fraud count based on creditor's "knowing filing of false documents in an effort to collect" because "plaintiffs failed to allege facts showing that they reasonably relied on the alleged misrepresentation or suffered any injury as a result of the misrepresentation"); *Dean v. Sec'y of Georgia*, 2009 WL 10690516, at *20 (N.D. Ga. Mar. 25, 2009), *aff'd, J.P. Morgan Chase Bank v. Dean*, 364 F. App'x 611 (11th Cir. 2010); *Dixon v. Branch*

9

*Banking & Tr. Co.*, 349 Ga. App. 768, 773, 824 S.E.2d 760, 766 (2019), *reconsideration denied* (Mar. 27, 2019).

In the PAC, Plaintiff has apparently attempted to address this deficiency by including additional detail regarding whom he believes could have created the forged or repurposed document and the damages he believes he has suffered because he has filed bankruptcy. The PAC, however, continues to fail to state a claim for fraud, fraud in the inducement, or concealment because it does not allege that Plaintiff justifiably relied on any misrepresentation or omission made by any defendant, that any defendant intended to induce Plaintiff to rely on any misrepresentation or omission, or that the damages he has suffered resulted from such reliance. *See Gill v. Kaur*, 2021 WL 5631741, at *6 (E.D. Pa. Nov. 30, 2021). Therefore, these claims would not survive a motion to dismiss.

The Georgia courts define a conspiracy as "a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." *Jenkins v. Wachovia Bank Nat'l Ass'n*, 309 Ga. App. 562, 566 & n.24, 711 S.E.2d 80, 85 & n.24 (2011). To state a claim for civil conspiracy to commit fraud, there must be a showing that (1) two or more persons (2) acted together (3) to commit fraud. If there is no underlying claim for fraud, there can be no civil conspiracy for fraud. *Thomas v. Bank of Am., N.A.*, 2011 WL 13120644, at *17 (N.D. Ga. Nov. 30, 2011), report and recommendation adopted, 2012 WL 12875510 (N.D. Ga. Jan. 31, 2012); *Jenkins v. McCalla Raymer, LLC*, 2011 WL 13185750, at *13 (N.D. Ga. July 25, 2011), report and recommendation adopted, 2011 WL 13187289 (N.D. Ga. Aug. 31, 2011), *aff'd*, 492 F. App'x 968 (11th Cir. 2012); *Sajous v. Specialized Loan Servicing*, 2015 WL 11347597, at

*8 (N.D. Ga. July 22, 2015), report and recommendation adopted in part, 2015 WL 11492542 (N.D. Ga. Aug. 10, 2015). As with the claim for fraud, a conspiracy to commit fraud would not survive a motion to dismiss and leave to amend should be denied.

### B. Willful, Malicious, and Wanton Conduct

The Court cannot discern from the PAC what type of claim Plaintiff is trying to assert here. To the extent that it is intended to assert a claim for gross negligence, the PAC fails to allege facts to establish that any defendant owed a duty to Plaintiff. To the extent that it is intended to assert a claim for intentional infliction of emotional distress, the PAC fails to allege facts to establish that any defendant engaged in conduct that "extreme and outrageous" or that Plaintiff suffered severe emotional distress. *Moore v. Lovein Funeral Home, Inc.*, 358 Ga. App. 10, 17, 852 S.E.2d 876, 883 (2020); *Lively v. McDaniel*, 240 Ga. App. 132, 134, 522 S.E.2d 711, 714 (1999); *see also Byers v. Bank of Am., N.A.*, 2020 WL 9936713, at *17 (N.D. Ga. Apr. 9, 2020), report and recommendation adopted as modified, No. 1:19-CV-5406-SCJ, 2020 WL 9936710 (N.D. Ga. May 14, 2020).

### C. Breach of Contract

"'The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.' *Norton v. Budget Rent A Car Sys., Inc.*, 307 Ga.App. 501, 705 S.E.2d 305, 306 (2010); *see* Ga. Code Ann. § 13–6–1 ("Damages are given as compensation for the injury sustained as a result of the breach of a contract.")." *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1130 (11th Cir. 2014). "A plaintiff asserting a breach of

11

contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss." *Kabir v. Statebridge Co., LLC*, 2011 WL 4500050, at *7 (N.D. Ga. Sept. 27, 2011). The only contract identified by the factual allegations in the PAC appears to be a promissory note that Plaintiff admits that he signed and defaulted on. The PAC does not allege facts to show a breach of any obligation in the promissory note by any party other than Plaintiff. Accordingly, as such a claim would not survive a motion to dismiss, amendment would be futile and should be denied.

*D. Trade Secrets*

The Court assumes this is a reference to a claim for misappropriation of trade secrets. It appears that Plaintiff accuses Defendant Smith of sharing information about Lenox Financial with a predecessor of SSB. The PAC does not allege nonconclusory facts to establish such a claim. *Insight Tech., Inc. v. FreightCheck, LLC,* 280 Ga. App. 19, 27, 633 S.E.2d 373, 380 (2006); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1141 (11th Cir. 2005); *see also Cotiviti, Inc. v. Deagle*, 501 F. Supp. 3d 243, 260 (S.D.N.Y. 2020) ("Further, the Amended Complaint lacks allegations that Defendants improperly copied or retained documents or other media containing Cotiviti trade secrets that were later disclosed to HMS. Such allegations are important because it is a 'well-settled rule in Georgia that an employee's knowledge gained from his employment with a former employer is not considered to be a trade secret' and disclosure of such intangible information can only be prohibited through a non-compete clause.").[3] Further, the facts

---

[3] To the extent that the PAC attempts to allege a claim under the Defense of Trade Secrets Act, 18 U.S.C. § 1836, the PAC fails to allege facts from which the Court could conclude that any information at issue was a "trade secret" belonging to Plaintiff, rather than Lenox Financial, or that it was "related to a product or service used in, or intended

12

alleged show that Plaintiff was aware of Smith's alleged conduct by at least 2013 and, therefore, a claim for misappropriation of trade secrets would be untimely. *See* PAC at 220. Accordingly, leave to amend a claim for misappropriation of trade secrets shall be denied.

### E. Forgery

There is no private right of action for damages for "forgery." *Thomas v. Bank of Am., N.A.*, 2011 WL 13120644, at *12 (N.D. Ga. Nov. 30, 2011), report and recommendation adopted, 2012 WL 12875510 (N.D. Ga. Jan. 31, 2012); *see also Kabir v. Statebridge Co., LLC,* 2011 WL 4500050, at *7 (N.D. Ga. Sept. 27, 2011) (citing *Anthony v. Am. Gen. Fin. Servs., Inc.*, 287 Ga. 448, 697 S.E.2d 166, 171–72 (Ga. 2010)); *Gaylord v. Ocwen Loan Servicing, LLC*, 2013 WL 12291744, at *16 (N.D. Ga. Mar. 27, 2013). Leave to amend the Complaint to allege a claim for forgery shall, therefore, be denied.

### F. Tortious Interference

To assert a claim for tortious interference with business relations, a plaintiff "must demonstrate that the [defendant]: '(1) acted improperly and without privilege, (2) acted purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with [them], and (4) caused [Plaintiff]

---

for use in, interstate or foreign commerce." Additionally, such a claim would fail because the DTSA did not become effective until May 11, 2016, and is not applicable retroactively. *Spigot, Inc. v. Hoggatt*, 2020 WL 1955360, at *5 (M.D. Fla. Apr. 23, 2020) ("It is clear, however, that plaintiffs cannot have a cause of action under the DTSA for conduct occurring before its effective date (May 11, 2016)."); *Adams Arms, LLC v. Unified Weapon Sys., Inc.*, 2016 WL 5391394, at *6 (M.D. Fla. Sept. 27, 2016). Any claim would also be time barred because the DTSA has a three-year statute of limitations. *Houser v. Feldman,* 2021 WL 4991127, at *5 (E.D. Pa. Oct. 27, 2021) (noting that "the statute of limitations period under the DTSA runs for all misappropriations committed by a defendant at the time the plaintiff discovers, or should have reasonably discovered, a defendant's first misappropriation").

13

financial injury.'" *All Fleet Refinishing, Inc. v. W. Georgia Nat. Bank,* 280 Ga. App. 676, 680, 634 S.E.2d 802, 807 (2006). All references to such a claim in the PAC are conclusory allegations that the Court need not accept for purposes of this motion. *See* PAC at 104-05. As the PAC does not allege facts to support such a claim and would not survive a motion to dismiss, leave to amend will be denied.

> *G. Regulation X, TILA, Title X of Dodd Frank, and Real Estate Law & Procedure §19-17*

One of the primary purposes of the TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). Empowered in 15 U.S.C. § 1604(a) to carry out the purposes of the TILA through regulations, the Federal Reserve Board promulgated Regulation Z, 12 C.F.R. § 226, "to promote the informed use of consumer credit by requiring disclosures about its terms and costs." 12 C.F.R. § 226.1(b). Prior to extending credit to a consumer in a residential mortgage transaction, among the items a creditor must disclose is the estimated finance charge the creditor will impose. 15 U.S.C. §§ 1638(a)(3), (b)(2). A creditor who fails to make the required disclosures is liable to the consumer for damages, costs, and attorney fees. 15 U.S.C. § 1640(a); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).

The only allegation in the PAC that the Court can discern that may address itself to TILA is the failure of SSB's predecessor in interest to provide disclosures, apparently regarding the funds that it advanced to Plaintiff in 2015. The PAC complains that this violation caused Plaintiff to lose his three-day right of rescission but does not explain

14

how that damaged Plaintiff. More importantly, any claim for damages arising from a violation of TILA was subject to a one-year statute of limitations, which would have expired before Plaintiff filed even the Complaint and allowing an amendment to add a time-barred claim would be futile. *See* 15 U.S.C.A. § 1640(e) (stating that a claim for damages for a violation of TILA must be brought "within one year from the date of the occurrence of the violation"); *Riess v. Deutsche Bank Nat'l Tr. Co.*, 2012 WL 13130375, at *3 (N.D. Ga. Oct. 29, 2012) (holding that, "because the complaint as amended . . . would still be subject to dismissal on statute of limitations grounds, the Court finds that an amendment of the federal law claims would be futile"); *In re Meyer*, 379 B.R. 529, 543 (Bankr. E.D. Pa. 2007); *Sall v. Bounassissi*, 2011 WL 2791254, at *4 (D. Md. July 13, 2011) (stating that, "if the amended pleading contains facts sufficient to rule on an affirmative defense, the court may consider that defense on a motion for leave to amend").

Regulation X— 24 C.F.R. Part 3500—is a regulation promulgated under the Real Estate Settlement Procedures Act ("RESPA"). It is not clear from the PAC what allegations would be pertinent to a claim under RESPA. As with the TILA claim, any claim that could be asserted under RESPA is time-barred. RESPA claims are subject to 12 U.S.C. § 2614, under which "claims must be brought within one- to three-years depending on alleged violation." *Riess v. Deutsche Bank Nat'l Tr. Co.*, 2012 WL 13130375, at *3 (N.D. Ga. Oct. 29, 2012). Accordingly, any claim under RESPA would

be time barred, and amending the Complaint to assert such a claim would be futile. Therefore, leave to amend to add claims under TILA or RESPA will not be granted.[4]

### H. 42 U.S.C. §§ 3603-3606 and 3617 and Intimidation

In the Prior Order, the Court dismissed Plaintiff's claim for damages based on "coercion, intimidation, threats, or interference (42 U.S.C. § 3617)" because such a claim requires an allegation that such conduct was retaliation for the "exercise of [a] protected right under the [Fair Housing Act]," *Geraci v. Union Square Condo. Ass'n*, 891 F.3d 274, 277 (7th Cir. 2018), and the Complaint contained no allegations to support a finding that Plaintiff's rights were protected thereunder. *See* 42 U.S.C. §§ 3603, 3604, 3605, and 3606—discrimination in the sale or rental of a dwelling, real estate-related transactions, and access to brokerage services on account of race, color, religion, sex, handicap, familial status, or national origin." The PAC does not correct this pleading deficiency, and the Court will not grant leave to amend.

### I. Privacy of Consumer Financial Information and Consumer Financial Protection Act of 2010

In the Prior Order, the Court dismissed claims based on allegations that Plaintiff's private banking information was shared with Smith because, for among other reasons, Plaintiff had not alleged facts to show that he was damaged by such actions. Defendant Smith objects to the amendment of this claim because it was dismissed with prejudice in the Prior Order. The Court agrees. Additionally, although the PAC appears to allege

---

[4] Plaintiff's reference to Title X of Dodd Frank does not suggest a cause of action or legal theory that would support a claim for damages. Title X of Dodd Frank created the Consumer Financial Protection Bureau and provided for improved financial disclosures with regard to mortgages. *See* Pub. L. No. 111-203, 124 Stat. 1376, codified in relevant part at 12 U.S.C. § 5301, §§ 5481-5603. Similarly, Plaintiff's reference to a real estate law treatise does not suggest a cause of action or legal theory that would support a claim for damages.

16

additional disclosures of Plaintiff's private information, it does not correct the pleading deficiency. The Court will not grant leave to amend.

*J. Defamation*

Under Georgia law, torts of defamation include slander and libel. Libel is statutorily defined as the "false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." O.C.G.A. § 51-5-1(a). Slander, or oral defamation, "consists in: (1) Imputing to another a crime punishable by law; (2) Charging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; (3) Making charges against another in reference to his trade, office, or profession, calculated to injure him therein; or (4) Uttering any disparaging words productive of special damage which flows naturally therefrom." O.C.G.A.§ 15-5-4(a).

To establish a viable claim sounding in defamation a plaintiff must plead and prove the following four elements: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." *StopLoss Specialists, LLC v. VeriClaim, Inc.*, 340 F. Supp. 3d 1334, 1346 (N.D. Ga. 2018) (quoting *Smith v. DiFrancesco*, 341 Ga. App. 786, 787–88, 802 S.E.2d 69, 72 (2017), cert. denied (Dec. 11, 2017); *Wertz v. Allen*, 313 Ga. App. 202, 205, 721 S.E.2d 122, 126 (2011).

Having reviewed the PAC, the Court concludes that the only nonprivileged allegation of false statements[5] regarding Plaintiff is the implied false statement that Plaintiff signed the DSD, which Plaintiff alleges was published when Jones and Pineyro recorded an affidavit regarding the existence of the DSD. This does not sufficiently allege a claim for libel because, in and of itself, claiming that Plaintiff signed a deed to secure debt that he did not sign is not disparaging and did not expose him to public hatred, contempt, or ridicule. And even if it did, "actions for injuries to a person's reputation are subject to a one-year statute of limitations under Georgia law." *Grant v. Deutsche Bank Nat'l Tr. Co.*, 2014 WL 12115971, at *8 (N.D. Ga. May 30, 2014) (citing O.C.G.A. § 9-3-33).

## II. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that the Motion for Leave to Amend Complaint is **DENIED**;

**IT IS FURTHER ORDERED** that the Complaint stands with only Plaintiff's claim for declaratory relief regarding the validity of the DSD against the only defendant, SSB, the purported holder of the DSD.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

---

[5] The bulk of Plaintiff's "slander"-related allegations appear to be the statements that Pineyro accused Plaintiff of falsifying documents and disclosures by claiming the Property was worth $1,150,000 (presumably in his bankruptcy schedules). *See, e.g.*, PAC at 85. These statements, having been made in court filings and during court proceedings are privileged. O.C.G.A.§ 51-5-8.

Jon Michael Hayes Shibley
780 Clubside Drive
Roswell, GA 30076

Aaron R. Anglin
Jones & Walden, LLC
699 Piedmont Ave NE
Atlanta, GA 30308

Aleksas A. Barauskas
Akerman LLP
Suite 3100
50 N. Laura St.
Jacksonville, FL 32202

Leslie M. Pineyro
Jones and Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

Evan M. Altman
Evan M. Altman, Attorney at Law
Building 2
8325 Dunwoody Place
Atlanta, GA 30350-3307

Cameron M. McCord
Jones & Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

William Russell Patterson, Jr.
Ragsdale Beals Seigler Patterson & Gray
2400 International Tower
229 Peachtree Street NE
Atlanta, GA 30303-1629