**IT IS ORDERED as set forth below:**

**Date: June 7, 2022**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| JON MICHAEL HAYES SHIBLEY, | : | BANKRUPTCY CASE |
|  | : | 18-68584-LRC |
| Debtor. | : |  |
| _____ | : |  |
|  | : |  |
| JON MICHAEL HAYES SHIBLEY, | : | ADVERSARY PROCEEDING |
|  | : | NO. 19-05229-LRC |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| NATIONAL BANK OF COMMERCE, | : |  |
| DBA, Private Bank of Buckhead, | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

Plaintiff Jon Michael Hayes Shibley ("Plaintiff") filed a complaint against

National Bank of Commerce ("NBC") dba Private Bank of Buckhead ("PBB"), seeking a declaration regarding the validity of a deed to secure debt on his residence, 780 Clubside Dr. Roswell, Georgia (the "Property"). Plaintiff seeks summary judgment and an order declaring that South State Bank, N.A, ("SSB" or "Lender"), as successor in interest to NBC, has no valid lien on the Property. SSB asserts that it holds a valid deed to secure debt on the Property. The Court concludes that Plaintiff has not established a lack of undisputed facts or an entitlement to judgment as a matter of law and, therefore, denies the Motion.[1]

A.  **Facts**

The parties agree that:

1. Plaintiff and Malin Shibley ("Ms. Shibley") obtained a loan from PBB and executed a Home Equity Line of Credit bearing loan number 8000149 (the "Note"). Complaint ¶ 5; SSB's Statement of Material Facts ("SSB SOMF"), ¶ 1.

2. Plaintiff and Ms. Shibley negotiated a security deed ("DSD") with PBB that granted an interest in the Property in exchange for the loan obtained through the Note. Complaint, ¶ 5; Motion, ¶ 1; SSB SOMF, ¶ 2.

3. Paragraph 4 of the DSD provides that the DSD secures future advances and other

---

[1] In reaching its decision, the Court has considered SSB's Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc 102); SSB's Statement of Material Facts (Doc. 103); Plaintiff's Response to Defendant's Doc 102 and Plaintiff's Motion for Relief (Doc. 104); SSB's Response in Opposition (Doc. 106); SSB's Surreply in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 105); and Plaintiff's Response to Defendant's Doc 105, Motion for Leave to File Surreply and Amended Motion for Relief (Doc. 107).

2

future obligations, including expenses incurred by Lender for insuring, preserving, or otherwise protecting the Property. Paragraph 4 of the DSD also states that: "[i]n the event that Lender fails to provide any required notice of the right of rescission, Lender waives any subsequent security interest in the Grantor's principal dwelling that is created by this Security Instrument."

4. In March of 2015, Lender modified the DSD and applied it to a loan renewal/modification. Motion, ¶ 5; SSB SOMF, ¶ 9 ("The Shibleys executed a Second Modification Agreement dated February 27, 2015 (the "Second Modification"). A true and correct copy of the Second Modification is attached as Exhibit D.").

B. **Conclusions of Law and Discussion**

Plaintiff contends that Lender failed to provide Plaintiff and Ms. Shibley with a notice of right of rescission in 2015 and, because such notice was required by the terms of the contract, SSB waived its security interest in the Property. SSB argues that a "required notice" means a notice that is required by law and that neither the contract between the parties nor applicable law required SSB to provide a notice of the right of rescission because the transaction that occurred in 2015 was a loan modification. *See* Affidavit of Matthew Maynor, ¶¶ 10-12. The Court can grant summary judgment to Plaintiff only if "there is no genuine issue as to any material fact" and Plaintiff, as the moving party, "is

3

entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993). In this regard, a fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The Court "should resolve all reasonable doubts about the facts in favor of [SSB], and draw all justifiable inferences in [its] favor." *United States v. Four Parcels of Real Prop.*, 941 F.2d. 1428, 1437 (11th Cir. 1991).

To prevail on the Motion, Plaintiff must establish that he is entitled to judgment as a matter of law because the DSD required such a notice. The question depends upon the meaning of the phrase "required notice." Under Georgia law, [2] the "terms of a deed are interpreted like those of contracts; that is, a court should ascertain the intention of the parties as set forth within the deed." *In re Carter*, 586 B.R. 360, 368 (Bankr. M.D. Ga. 2018) (citing *Shepherd v. Greer, Klosic & Daugherty*, 325 Ga. App. 188, 189–90, 750 S.E.2d 463 (2013)); *see also* O.C.G.A. § 13-2-1 ("The construction of a contract is a question of law for the court.").

> If the language of the contract "is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, [the

---

[2] The DSD provides that it is "governed by the laws as agreed to in the Secured Debt, except to the extent required by the laws of the jurisdiction where the Property is located, and applicable federal laws and regulations." (SSB SOMF, Ex. A, at 4). As the parties have proceeded as if Georgia law controls.

4

> contract provisions] shall be enforced irrespective of all technical or arbitrary rules of construction." *Shepherd*, 325 Ga. App. at 190, 750 S.E.2d 463 (quoting *Homelife Communities Group v. Rosebud Park, LLC*, 280 Ga. App. 120, 122, 633 S.E.2d 423 (2006)). Therefore, a court's analysis in contractual disputes begins with the language of the contract and whether that language is ambiguous. A contract is ambiguous if the provisions could be reasonably interpreted in more than one way. *Kusuma v. Metametrix, Inc*., 191 Ga. App. 255, 256, 381 S.E.2d 322 (1989); *see also Verret v. ABB Power T & D Company, Inc*., 237 Ga. App. 492, 493, 515 S.E.2d 435 (1999) ("Ambiguity means duplicity, indistinctness, or uncertainty of meaning or expression.") (citing, *Bumgarner v. Green*, 227 Ga. App. 156, 159, 489 S.E.2d 43 (1997)).

*Id*. at 368; *see also* O.C.G.A. § 13-2-1(2) ("Words generally bear their usual and common signification; but technical words, words of art, or words used in a particular trade or business will be construed, generally, to be used in reference to this peculiar meaning."). The Court must first "find ambiguity in the contract to consider extrinsic evidence." *Id*. at 368 (citing *Davis v. United Amer. Life Ins. Co*., 215 Ga. 521, 526, 111 S.E.2d 488 (1959)).

Plaintiff insists that the contract between the parties required the provision of a notice of the right of rescission and, therefore, whether some other regulation or applicable law *did not* require such a notice is irrelevant. Plaintiff has identified a contractual provision in the DSD that lays out the consequences of failing to provide a required notice, but Plaintiff points to no language in the DSD that requires the provision of a notice of a right of rescission. Accordingly, the Court concludes that, either no such

5

notice was required, or, as SSB argues, the phrase "required notice" means a notice that is required by some applicable state or federal law.

As SSB points out, the most logical place to begin is the federal laws and regulations governing whether notice of a right of recission is required in a real estate lending transaction—the Truth in Lending Act, ("TILA"), 15 U.S.C.S. § 1601 *et seq*. and its implementing Regulation Z, 12 C.F.R. Part 1026.  TILA Provides that, "[e]xcept as otherwise provided in this section," the obligor in a consumer credit transaction in which a security interest is or will be retained or acquired in the obligor's principal dwelling, the obligor shall have a three-day right to rescind the transaction and the creditor must "conspicuously disclose" that right.  18 U.S.C. § 1635(a).  An exception is made, however, for "a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property."  18 U.S.C. § 1635(e).

SSB asserts that Plaintiff had no right of rescission regarding the 2015 loan modification and, therefore, TILA did not require the provision of a notice.  Plaintiff primarily contends that whether federal law required provision of a notice is not relevant but has also asserted that TILA did require notice of his right of rescission because the 2015 transaction was not an exempted transaction.  While Plaintiff may be able to

establish facts that support such a conclusion, material questions of fact remain in dispute as to the nature of the 2015 transaction. Accordingly, summary judgment as to the validity of SSB's security interest in the Property is not warranted.

C. **Conclusion**

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 47) and Plaintiff's Motion for Relief (Doc. 104) and Amended Motion for Relief (Doc. 107), to the extent that they seek other affirmative relief, are **DENIED;**

**IT IS FURTHER ORDERED** that the parties shall appear before the Court for a telephonic scheduling conference on **July 14, 2022, at 11:00 a.m**. in Courtroom 1204, U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. To join the conference, dial 833-568-8864 and enter meeting ID 161 346 1602.

### END OF DOCUMENT

**Distribution List**

Jon Michael Hayes Shibley
780 Clubside Drive
Roswell, GA 30076

Leslie M. Pineyro
Jones and Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

Aleksas A. Barauskas
Akerman LLP
Suite 3100
50 N. Laura St.
Jacksonville, FL 32202

8